[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION #112
On April 13, 1998, the defendants, Weight Watchers International, Inc. and Weight Watchers North America, Inc., CT Page 10159 filed a motion for reconsideration of this court's decision regarding the defendants' motion to strike # 105. The court's decision on the motion to strike was filed on March 27, 1998.
"The granting of a motion for reconsideration, pursuant to Practice Book § 204B,[1] is within the sound discretion of the trial court. . . . The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result. . . ." (Citations omitted.) Sammarco v. Hillside Village CondominiumAssn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 403926 (January 5, 1998. Levin, J.).
Upon reexamining the decision on the defendants' motion to strike, this court concludes that defendant's motion to reconsider should be denied. As stated in the original memorandum of decision, when viewing the allegations in the amended complaint in the light most favorable to the plaintiff, including facts necessarily implied and fairly provable under the allegations; Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 505 A.2d 862 (1992); the legal sufficiency of the plaintiff's antitrust claim is predicated upon her alleged status as a competitor, not as a former employee of the defendants. In regard to her status as a competitor, the plaintiff has alleged that the actions of the defendants unlawfully restrained trade or commerce in controlling, hindering, inhibiting, limiting or discontinuing her sale of Thermachrome 5000. The plaintiff has also alleged that these actions by the defendants had the effect of substantially lessening competition or creating a monopoly.
Furthermore, the legal sufficiency of the plaintiff's CUTPA claim does not depend upon an employer/employee relationship with the defendants, but on her dual persona as an alleged business competitor of the defendants. Where the acts complained of occur outside the employer/employee relationship, a potentially viable cause of action under CUTPA is properly alleged. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 493,656 A.2d 1009 (1995). In support of her CUTPA claim, the ;plaintiff has specifically alleged that she was forced to sign a false letter admitting that she was selling a competitor's product or resign her position in the defendants' company, which supports her allegation that the defendants' acts constitute unfair and/or deceptive acts or practices in the conduct of trade or commerce. CT Page 10160
In addition, the defendants seek to stretch the court's ruling on the tortious interference with business relationship count too far. As argued by the defendants, the court concluded that the plaintiff had failed to allege facts demonstrating that she suffered actual loss. This conclusion was reached only as to count six, however. Although the court indicated that the same facts were alleged for all of the counts, this should not be construed as meaning that each count were supported by the same exact allegations. Rather, the initial introductory paragraphs (1-9) were re-alleged in each count while additional facts were alleged to support each claim. Thus, while the plaintiff had failed to sufficiently allege an actual loss as a result of the tortious interference, this was not a blanket conclusion by the court that no loss had been alleged in any of the counts, specifically the antitrust count.
Finally, because both the antitrust and CUTPA claims were legally sufficient, and each embodies an important public policy, the court has refused to strike counts three and seven of the amended complaint.
For these reasons, the defendants motion for reconsideration of the court's decision on motion to strike # 105 are hereby Granted, but the relief sought is Denied.
MELVILLE, JUDGE